IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE GUDRUN J. RICE

Civil Action No. 07-cv-02336-JLK-GJR

GARY KRAMMES,

    Plaintiff,

v.

COLORADO DIVISION OF WILDLIFE OFFICERS:
JAMES ROMERO,
MICHAEL BLANCK,
BILL DeVERGIE,
MIKE BAUMAN,
TREVOR BALZER, and
JASON TROUSDALE,

    Defendants.

---

REPORT AND RECOMMENDATION
RE: STATE DEFENDANTS' RENEWAL OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM (Docket # 51)

---

This mater comes before the Court on Defendants' Renewal of Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. # 51)

**Statement of the Case**

On October 23, 2006 Plaintiff filed a complaint and jury demand in Moffat County District Court against certain Colorado Division of Wildlife Officers: James Romero, Michael Blanck, Bill deVergie, Mike Bauman, Trevor Balzer, Jason Trousdale, Terry Wagonette, Jon Wangnild and Dan Miller. (Doc. # 1-2)

Plaintiff, in his third amended complaint, states that the complaint arises from torts committed by the Defendants, peace officers with the Colorado Division of Wildlife working in Moffat County, Colorado on October 25, 2005. Plaintiff alleged, against all Defendants, negligence (first claim for relief), battery (second claim for relief), false imprisonment and false arrest (third claim for relief) and willful and wanton conduct, (fifth, *sic,* claim for relief). (Doc. # 1-2, Complaint)

On October 22, 2007 Plaintiff filed an amended complaint and jury demand in the Moffat County District Court, which added a violation of civil rights claim, in violation of 42 U.S.C. §1983, as Plaintiff's fourth claim for relief. (Doc. # 1-26) Original Defendants Terry Wagonette, Jon Wangnild and Dan Miller were dismissed. (Doc.# 1-22)

Moffat County District Court Judge Shelley A. Hill, by Order dated November 26, 2007, dismissed the negligence claim (first claim for relief) under C.R.S. 24-10-105 and dismissed the willful and wanton claim (fifth claim for relief). While recognizing the willful and wanton exception to governmental immunity, Judge Hill ruled that the Colorado Governmental Immunity Act did not create a separate claim for tort liability based on wilful and wanton conduct. Judge Hill granted Plaintiff's request to file an amended Complaint that complies with the Colorado Governmental Immunity Act at C.R.S. 24-10-105 and 24-10-110 (5)(c) and which incorporates the concept of alleged willful and wanton conduct in each claim.

Plaintiff filed a second amended complaint in the Moffat County District Court on December 3, 2007, reasserting the previously dismissed negligence claim, reasserting the previously dismissed willful and wanton claim and adding wilful and wanton to the battery claim (second claim for relief), adding willful and wanton to the claim of false imprisonment and false arrest (third claim for relief) and reasserting the willful and wanton conduct claim (fifth claim for relief). (Doc. # 1)

Meanwhile, the matter was removed to the United States District Court for the District of Colorado. (Doc. # 1)

Defendants moved to dismiss the second amended complaint (Doc. # 4)   In response, Plaintiff sought leave to file a third amended complaint, which leave was granted by Order of the United States District Court dated October 7, 2008. (Docket # 47)

Defendants' motion to dismiss the second amended complaint has been denied as moot. (Doc. # 48).  The matter is now before the Court on the Defendants' Renewal of Motion to Dismiss Plaintiff's third amended complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. # 51)

Plaintiff, in his Third Amended Complaint, accepted for filing effective October 7, 2008, asserts five claims for relief.

Plaintiff alleges that on October 25, 2005, in Moffat County, Colorado, Defendants Romero, Blanck, DeVergie, Bauman, Balzer and Trousdale, while arresting Plaintiff on suspicion of a hunting violation:

1) acted negligently (first claim for relief);

2) willfully and wantonly battered Plaintiff (second claim for relief);

3) willfully and wantonly falsely imprisoned and falsely arrested Plaintiff (third claim for relief);

4) willfully and wantonly and under color of state law deprived Plaintiff of his constitutional rights (fourth claim for relief);

5) acted willfully and wantonly (fifth claim for relief).

Plaintiff alleges that Defendants' actions caused Plaintiff to suffer torn rotator cuffs at both

shoulders which will require surgery to repair and which will cause Plaintiff to incur medical and rehabilitation expenses, lost earnings, lost future earnings, pain, suffering, loss of enjoyment of life, inconvenience and physical impairment.

Defendants have renewed their motion to dismiss the third amended complaint for lack of subject matter jurisdiction (Fed.R.Civ.P. 12 (b)(1) and failure to state a claim (Fed.R.Civ.P. 12(b)(6) (Docket # 51, incorporating Docket # 22). The matter has been fully briefed. For the reasons set forth below, I recommend the following:

That Defendants' motion to dismiss the first claim for relief be granted;

That Defendants' motion to dismiss the second, third and fourth claims for relief be denied;

That Defendants motion to dismiss the fifth claim for relief be granted.

## Standard

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the action, which may exist despite the sufficiency of the allegations in the complaint. *See KVOS, Inc. v. Associated Press,* 299 U.S. 269 (1936). Under a Rule 12(b)(1) challenge, the court may consider matters outside the pleadings that challenge the averments upon which the court's jurisdiction depends. *Axtell v. United States*, 860 F.Supp. 795, 797 (D.Wyo. 1994). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir.1990); *Professional Investors Life Ins. Co. v. Roussel*, 445 F.Supp. 687, 691 (D.Kan.1978).

Under Fed. R. Civ. P. 12(b)(6), the court may dismiss for failure to state a claim upon which relief can be granted when the complaint contains insufficient allegations of fact "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* --- U.S. ---, ---, 127 S.Ct. 1955,

1974 (2007), or when an issue of law is dispositive, *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "Factual allegations must be enough to raise a relief above the speculative level." *Twombly,* 127 S.Ct. at 1965. "The complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). Complaints that are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 127 S.Ct. at 1965.

All factual allegations pled in the complaint, other than conclusory ones, are accepted as true and are construed in the light most favorable to the plaintiff. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). When evaluating a motion to dismiss for failure to state a claim, the court cannot consider information outside the complaint without converting the motion to one for summary judgment. *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004).

Allegations that are not supported by facts may not be offered or considered. *Fry Bros. Corp. v. Department of Housing and Urban Development*, 614 F.2d 732, 733 (10th Cir. 1980); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998). The court, however, is not to assume that the Plaintiff "can prove facts that [he] has not alleged or that the [D]efendants have violated the state laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### First Claim for Relief Against all Defendants - Negligence

Defendants argue that Plaintiff's first claim for relief, alleging negligence, must be dismissed because immunity has not been waived under the Colorado Governmental Immunity Act.

("CGIA"), C.R.S. 24-10-101, *et seq*. The CGIA prohibits suits against state entities and state employees that lie, or could lie, in tort, except in a limited set of circumstances. The dispositive question for the purposes of determining immunity under the CGIA is whether the claim is or could be a tort claim. *City and County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759, 764-765 (Colo. 1992)

Plaintiff, while not confessing Defendants' motion to dismiss for lack of subject matter jurisdiction , concedes, quoting *Springer v. City and County of Denver*, 13 P.3d 794 at 800 (Colo. 2000) that a "public employee enjoys immunity unless the CGIA waives immunity **or the employee's act or omission is willful and wanton**." (emphasis in the original Response to Defendants' Motion to Dismiss, Doc. # 34)

Plaintiff has not alleged willful and wanton conduct in his first claim for relief. Plaintiff's claim for negligence lies in tort and is subject to the provisions of the Colorado Governmental Immunity Act. C.R.S. 24-10-106 (*See City and County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759, 765 (Colo. 1992); *Arabasz v. Schwartzberg*, 943 P.2d 463, 465 (Colo.App. 1996) A complaint that fails to state a claim within one of the waivers of immunity contained within the CGIA must be dismissed for lack of subject matter jurisdiction.

Plaintiff has failed to allege that the state and/or its governmental entities or employees have waived immunity for the alleged negligent actions of the Colorado Division of Wildlife peace officers. Plaintiff has brought a claim against Defendants for which immunity has not been waived. Accordingly, the Magistrate Judge agrees with Defendants that the Court does not have subject matter jurisdiction to hear Plaintiff's First Claim for Relief. Plaintiff's First Claim for Relief, based on the alleged negligence of Defendants, should be dismissed. (It should also be noted that Judge

Hill previously dismissed the negligence claim in the Moffat County District Court action.)

### Fifth Claim for Relief Against all Defendants - Willful and Wanton Conduct

Plaintiff's Fifth Claim for relief asserts that Defendants' conduct was willful and wanton and "purposefully committed with a disregard of the rights of Plaintiff." (Third Amended Complaint, Doc. # 49 - paragraph 46)

As Defendants state in their Motion to Dismiss (Docket # 22, at page 6 of 21), Colorado courts do not recognize a claim for "wilful and wanton conduct." *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 656 (Colo.App. 2006)

Plaintiff, in his Response to Defendants' Renewed Motion to Dismiss (Docket # 57), incorporates his previous Response to Defendants' Motion to Dismiss the second amended complaint (Docket # 34) wherein Plaintiff "with(drew) his fifth claim for relief as unnecessary," (Response, Doc. # 34 - paragraph 7)

Since, as Defendants correctly state, a "bare allegation of willful and wanton conduct will not provide a basis for a damages award..." (*Carothers v. Archuleta Country Sheriff, supra*) and since Plaintiff withdraws his fifth claim for relief as unnecessary, the fifth claim for relief against all Defendants, based on willful and wanton conduct, should be dismissed. (It should also be noted that Judge Hill had previously dismissed the wilful and wanton claim in the Moffat County District Court action.)

### Second, Third and Fourth Claims for Relief Against All Defendants - Willful and Wanton Battery, Willful and Wanton False Imprisonment and False Arrest, and Willful and Wanton Violation of Civil Rights

This case arises out of the arrest of Plaintiff in Moffat County, Colorado, by officers with

7

the Colorado Division of Wildlife, for hunting violations. Plaintiff was handcuffed behind his back. Plaintiff states that he complained that his handcuffs were too tight. Plaintiff states that after about one and one half hours he was loaded into the back of a pick-up truck. Plaintiff alleges that he was handcuffed for nearly two hours before his handcuffs were loosened. Plaintiff alleges that as a direct result of being handcuffed behind his back and wrenching his shoulders while being loaded into a truck by lifting his handcuffed hands, Plaintiff suffered torn rotator cuffs at both shoulders. Plaintiff claims damages for medical expenses, lost past and future earnings, loss of enjoyment of life and physical impairment.

Plaintiff's Third Amended Complaint alleges that Defendants acted in a willful and wanton manner in his claim for battery, false arrest and imprisonment and violation of civil rights. Plaintiff brings claims for which immunity has been waived.

Having considered the factual allegations in the third amended complaint I find that the Plaintiff has a reasonable likelihood of mustering factual support for the second, third and fourth claims for relief. All factual allegations in the complaint, other than the conclusory ones, are accepted as true and are construed in the light most favorable to the Plaintiff. I find that the Court has subject matter jurisdiction over the claims of the Plaintiff set forth in the second (battery), third (false arrest and imprisonment) and fourth (violation of civil rights) claims for relief. I further find that the Plaintiff has not failed to state a claim upon which relief can be granted.

In making these findings with regard to the motion to dismiss, I make no findings or conclusions of law with regard to whether these defendants are entitled to qualified immunity. The state Defendants are not precluded from raising the qualified immunity defense at a later time.

I therefore recommend that the motion to dismiss be denied as to the second, third and fourth

claims for relief, and be granted as to the first and fifth claims for relief.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed. R. Civ. P., the parties have ten (10) days after the service of this recommendation to serve and file specific written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge. Rule 72(b), Fed. R. Civ. P.; *Thomas v. Arn,* 474 U.S. 140, 147-148 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.,* 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated this 6th day of February, 2009.

FOR THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
U.S. Magistrate Judge