IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No. 07-cv-02336-JLK-LTM

GARY KRAMMES,

    Plaintiff,
v.
COLORADO DIVISION OF WILDLIFE OFFICERS:
JAMES ROMERO,
MICHAEL BLANCK,
BILL DeVERGIE,
MIKE BAUMAN,
TREVOR BALZER, and
JASON TROUSDALE,

    Defendants.

# AMENDED
# REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

**LAIRD T. MILBURN, U.S. MAGISTRATE JUDGE**

THIS CASE is before me by Order of Reference (docket # 6) dated November 14, 2007 and Minute Order dated February 19, 2010 reassigning this case from U.S. Magistrate Judge Gudrun J. Rice to me.

The issue before the Court is Defendants' Motion for Partial Summary Judgment (docket # 80) filed March 19, 2010 as amended on May 3, 2010 (docket # 96). Oral argument is not necessary. For the reasons set forth below, I recommend the Defendants' Motion for Partial Summary Judgment be **GRANTED,** dismissing Defendants Romero, Blanck, DeVergie, Bauman, and Trousdale and, that judgment be entered in favor of all Defendants regarding Plaintiff's third

claim for relief set forth in his third amended complaint (docket # 35) dated July 13, 2008.

## I. BACKGROUND

On October 23, 2006 Plaintiff filed a complaint and jury demand in Moffat County District Court against Colorado Division of Wildlife Officers James Romero, Michael Blanck, Bill DeVergie, Mike Bauman, Trevor Balzer, Jason Trousdale, Terry Wagonette, John Wangnild and Dan Miller. The Moffat County District Court case was removed to the United States District Court for the District of Colorado (docket # 1) on November 7, 2007. On October 20, 2007 Defendants Terry Wagonette, John Wangnild and Dan Miller were dismissed. On July 3, 2008 Plaintiff filed his third amended complaint (docket # 35). The complaint arises from torts committed by the Defendants, Peace Officers for the Colorado Division of Wildlife working in Moffat County, Colorado on October 25, 2005. Plaintiff alleges, against all remaining Defendants, negligence (1st claim for relief), battery (2nd claim for relief), false imprisonment and false arrest (3rd claim for relief), violation of civil rights (4th claim for relief), and willful and wanton conduct (5th claim for relief). On March 3, 2004 U.S. District Judge John L. Kane dismissed Plaintiff's first and fifth claims for relief based upon lack of subject matter jurisdiction and failure to state a claim.

Plaintiff alleges that Defendants actions caused Plaintiff to suffer torn rotator cuffs at both shoulders which will require surgery to repair, and which will cause Plaintiff to incur medical and rehabilitation expenses, lost past and future earnings, pain and suffering, and loss of enjoyment of life, inconvenience and physical impairment.

Defendants' Motion for Partial Summary Judgment, now before the Court, requests (1)

summary judgment of the battery, or excessive force claim against Defendants Romero, Blanck, DeVergie, Bauman, and Trousdale on the basis that they did not participate in the handcuffing or detention of the Plaintiff, and (2) summary judgment dismissing Plaintiff's third claim for relief, i.e., false arrest and false imprisonment, on the basis that those claims are barred by the *Heck v. Humphrey* doctrine.

Plaintiff responds by consenting to the dismissal of all his claims against Officers Blanck, DeVergie, Bauman and Trousdale, but not Romero, and denies the applicability of the *Heck* doctrine to this case.

## II. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Summary Judgment is appropriate under Federal Rules of Civil Procedure 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While applying this standard, the Court reviews the pleadings and documentary evidence in a light most favorable to the non-moving party. *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir.1988).

Defendants move for partial summary judgment on two grounds: Defendants Blanck, DeVergie, Bauman and Trousdale, and Romero did not participate in either Plaintiff's arrest or detention, and the 3rd claim for relief fails the *Heck* test. In response, Plaintiff consents to the dismissal of all of his claims against those officers except Romero on the basis that none of these

3

Defendants participated in the arrest or handcuffing of Plaintiff, and disputes the applicability of *Heck*.

    A.    **Claim against Defendant James Romero**

Plaintiff objects to the dismissal of Defendant Romero, although agreeing with Defendants that Officer Romero did not participate in the arrest or detention of the Defendant, on the grounds that Romero was the "case officer" giving instruction to Balzer and that he instructed Balzer to take Plaintiff into custody, therefore arguing that because Romero gave the orders to arrest and transport, he cannot escape liability simply because one of his "underlings" carried out his orders. Plaintiff provides no authority for this proposition. Furthermore, in support of the Plaintiff's allegations of Romero's involvement in the handcuffing and transporting of Plaintiff, copies of portions of the deposition of Defendant Balzer are attached as Exhibit 1 to Plaintiff's Response (docket # 88) to Defendants' Motion for Partial Summary Judgment. Close examination of Exhibit 1 demonstrates that Balzer's testimony is that Defendant Romero was not physically present at the location where Plaintiff was handcuffed and transported, and that Defendant Romero's only involvement in that part of the arrest of Plaintiff was to provide Defendant Balzer, via radio transmission, instructions to take Plaintiff into custody. Therefore, it cannot be said that Balzer's testimony supports Plaintiff's assertions in his response that Romero gave the orders to handcuff and transport Plaintiff.

Defendants state in their reply to Plaintiff's response that in order to establish a Battery claim against Defendant Romero Plaintiff must prove that Romero personally participated in the alleged violation, citing *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144 (10th Cir.2001), and *Olsen v. Stotts*, 9 F.3d 1475 (10th Cir.1983), that an official cannot be held liable

4

for actions of employees merely because he had a general supervisory responsibility, *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir.1996), and that liability cannot be based solely on the supervisors position of power to control the employee, *Hicks v. Fray*, 992 F.2d 1450 (6th Cir.1993). Similar principals apply to a state tort claim under Colorado law to prevail against Romero on the battery claim. Plaintiff must prove that some act of Romero resulted in physical contact with Plaintiff, that Romero intended to make physical conduct with the Plaintiff, and that the contact was harmful. Colorado Civil Jury Instruction 20.5, 4th Ed. Plaintiff make no such allegations against Romero. Furthermore, Colorado courts, while recognizing the tort of negligent hiring or supervision by an employer (supervisor) for the acts of an employee, the notion that an employer (supervisor) is an insurer for the violent acts committed by an employee against a third person has been rejected. *Connes v. Motalla Transport System, Inc.*, 831 P.2d 1316 (Colo. 1992).

      **B.**     *Heck v. Humphrey*

Defendants argue that Plaintiff's claims for damages arising out of his claim for false arrest and false imprisonment cannot be pursued in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that *in order to prevail on a claim for false arrest or imprisonment, a section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or otherwise called into question by some other tribunal.* Plaintiff was originally charged with two counts of illegal wildlife possession, hunting without a license and failure to wear orange as required by law, and later pleaded guilty to hunting without a proper and failure to have a valid license, and the associated Sampson Surcharge for the illegal possession of one 6 x 6 bull elk (Exhibit G to Defendants' Motion for

5

Partial Summary Judgment, docket # 80, registry of action worksheet RA Gary Krammes). Defendants also assert, without contradiction by Plaintiff, that his conviction and sentence was not appealed and has not been overturned. Plaintiff has failed to rebut Defendants showing that they are entitled to partial summary judgment on this ground. *Heck v. Humphrey*, bars consideration of Plaintiff's claims for false arrest and false imprisonment in this case, and I conclude that Plaintiff's third claim for relief cannot go forward. I recommend that Defendants' Motion for Partial Summary Judgment be granted on this ground.

### III. RECOMMENDATION

For the reasons set forth above, it is

**RECOMMENDED** that:

Defendants' Motion for Partial Summary Judgment (docket # 96 as amended by docket # 80) be **GRANTED** and that judgment enter in favor of all Defendants on Plaintiff's Third Claim for Relief (false arrest and false imprisonment) and that the battery or excessive force claim against Defendants Romero, Blanck, DeVergie, Bauman, and Trousdale be dismissed.

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS PROPOSED FINDING AND RECOMMENDATION**, either party may serve and file written objections to the proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. The District Judge shall make a *de novo* determination of those portions of the proposed finding or recommendation to which objection is made. The District Judge may accept, reject, or modify in whole or in part, the proposed finding

or recommendation made by the Magistrate Judge. The judge may also receive further evidence or commit the matter to the magistrate judge with instructions.

Failure to make timely objections to the Magistrate Judge's recommendation may result in a waiver of *de novo* review of the recommendation by the District Judge and may also waive the right to appeal from the judgment of the District Court based upon the finding and recommendation of the Magistrate Judge.

Dated this 10th day of June, 2010.

BY THE COURT:

s/Laird T. Milburn
_____
Laird T. Milburn
U.S. Magistrate Judge